Ryan v. Myers.

---

No. 20,755.

KATHERINE RYAN, *Appellee*, v. JOHN Q. MYERS, as Administrator, etc., et al., *Appellants*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Compromise and Settlement—Includes Existing Debts Only*. A written contract settling all items of indebtedness existing between the parties thereto on the day it is signed includes all debts then existing, but excludes those thereafter arising.

2. ESTATE OF DECEASED PERSON—*Claim Presented—Claimant not Barred from Presenting a Second Claim*. A person who files and procures the allowance of claims against the estate of a deceased person, and at the same time has knowledge that he has another separate and independent cause of action against the estate and the administrator, is not precluded by such knowledge from recovering on such separate cause of action.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed July 7, 1917. Affirmed.

*I. T. Price, E. D. Woodburn*, both of Holton, *T. F. Garver*, and *A. E. Crane*, both of Topeka, for the appellants.

*George R. Allen*, of Kansas City, *Guy L. Hursh*, and *E. R. Sloan*, both of Holton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment in favor of the plaintiff against defendant, John Q. Myers, as administrator with the will annexed of the estate of Felix C. Duffy, deceased.

Felix C. Duffy was a priest of the Catholic church, and the plaintiff was his housekeeper. They had business transactions which resulted in a large indebtedness from Duffy to the plaintiff. On February 2, 1912, they signed a contract of settlement as follows:

"This instrument made in duplicate this 2nd day of February, 1912, by and between F. C. Duffy and Katherine Ryan.

"WITNESSETH:

"That the parties hereto have this day had an accounting of and concerning all items of indebtedness of whatsoever nature existing in favor of each party against the other; upon which accounting it is mutually agreed that the balance owing by said F. C. Duffy to said Katherine Ryan is twenty thousand dollars ($20,000).

"In settlement whereof said F. C. Duffy has this day executed and delivered to said Katherine Ryan two promissory notes each for the principal sum of ten thousand dollars ($10,000) and payable to the order of Katherine Ryan in two and three years after this date, respectively, with interest at the rate of five per cent per annum.

"F. C. DUFFY.
"KATHERINE RYAN.

"Executed in the presence of Charles Hayden."

The plaintiff owned certain real property in Danville, Ill. This she had acquired from Felix C. Duffy by deed executed and delivered to her, but which she did not have recorded. November 9, 1911, Felix C. Duffy, acting for himself and without the knowledge of the plaintiff, sold this property to parties in Danville for $15,000, received $1000 as the first installment of the payment therefor, and continued to receive payments on the contract of sale until the time of his death. After the death of Duffy, John Q. Myers, the administrator, received other payments.

This action was brought to recover the amount of money that had been received on the contract of sale by Felix C. Duffy and by the administrator, and to have the contract declared to have been made for the plaintiff's use and benefit. The defendants pleaded the settlement as a bar to the action. Judg-

Ryan v. Myers.

ment was rendered for $4572, in favor of the plaintiff, for those payments received by Duffy after making the settlement and for the payments received by John Q. Myers as administrator. It was also adjudged that the plaintiff was the owner of the contract for the sale of the land.

1. The defendants objected to the introduction of evidence under the petition and demurred to the plaintiff's evidence. They contend that the settlement bars the plaintiff from any right to recover on account of the contract for the sale of the Danville property. The defendants requested instructions to the effect that the settlement barred the plaintiff from recovering. The court instructed the jury, in substance, that the settlement included all payments that had been made before the 2d day of February, 1912, but did not include any payments made thereafter. By its terms the settlement included all items of indebtedness owing by Felix C. Duffy to the plaintiff on February 2, 1912, but by implication excluded all such items which might become owing from Duffy to the plaintiff after that date. The court rightly construed the contract of settlement. (*Henley v. Myers*, 76 Kan. 723, 93 Pac. 168.)

2. Prior to the commencement of this action, the plaintiff filed with the probate court claims against the estate of Felix C. Duffy. These were allowed in part. At the time the claims were filed, the plaintiff had knowledge that Duffy had sold the Danville property and had received payments thereon. The defendants claim that this knowledge on the part of the plaintiff precludes her from recovering in this action. This question was raised by a demurrer to the plaintiff's evidence, on the ground that the evidence failed to prove a cause of action in her favor. The evidence did prove a cause of action, and the plaintiff's knowledge of the fact that the property had been sold by Duffy does not preclude her from recovering in this action. The defendants cite *Kiler v. Wohletz*, 79 Kan. 716, 101 Pac. 474, in support of their contention. The opinion in that case has no application to the present action.

The judgment is affirmed.

DAWSON, J., not sitting.